# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| ELIZABETH A. SUMMERS and RALPH R. SUMMERS,<br><br>Plaintiffs,<br><br>vs.<br><br>21st CENTURY NORTH AMERICA INSURANCE COMPANY,<br><br>Defendant. | CV-14-132-BLG-CSO<br><br>**ORDER** |

Plaintiffs Elizabeth A. Summers and Ralph R. Summers (collectively the "Summers") filed a Complaint asserting a single count, alleging violation of Montana's Unfair Trade Practices Act ("MUTPA"), against Defendant 21st Century North America Insurance Company ("21st Century"). Now pending is 21st Century's Motion to Dismiss. Having reviewed the pleadings, the parties' arguments and the applicable law, the Court will deny the motion.

## I.    BACKGROUND

The following facts are contained in the Complaint and, for the purposes of this motion, are assumed to be true. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

In 2010, Elizabeth Summers was driving her 2004 Mitsubishi in Billings, Montana, when Mildred Himmelspach ("Himmelspach") drove her 2000 Buick into the rear of a vehicle stopped behind Summers. *Id.* at ¶ 4. Elizabeth Summers suffered injuries as a result of the motor vehicle accident. The Summers initiated litigation against Himmelspach, who was insured by 21st Century. That case was dismissed upon settlement in June 2014.

This case was filed in state court in August 2014, and removed to this Court on October 3, 2014. *ECF 1*. The Summers allege here that, based on 21st Century's relationship with Himmelspach, duties arose under the circumstances involving the January 2, 2010 accident, and that,

> 21st Century breached its obligations owed to the Plaintiffs by its violations of [MUTPA], to include, but not limited to, refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to affirm or deny coverage of the claim within a reasonable time; neglecting to attempt in good faith to effectuate prompt, fair, and equitable settlement of the claim in which liability has become reasonably clear.

*Id.* at ¶ 9. The Summers further assert that 21st Century's repeated malicious breaches of duties and obligations entitle them to an award of

all compensatory damages allowed by Montana law, as well as punitive damages. *Id.* at ¶ 10.

21st Century filed its initial Answer to this Complaint on October 16, 2014 (*ECF 5*), and its Amended Answer (*ECF 24*) on January 9, 2015. Neither document raised questions regarding the pleading insufficiency of the Complaint. The parties have engaged in discovery regarding the issues joined and the discovery deadline has passed. *See ECF 16*.

## II. PARTIES' ARGUMENTS

21st Century argues that the Complaint "does nothing more than offer 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *ECF 33* at 5. It argues there are no factual allegations supporting the Summers' legal conclusions and that federal pleading requirements apply to this case, even though it was removed from state court. *Id.* at 5, 7–8. Instead, 21st Century argues language used in the Complaint is nearly identical to the statutory language and amounts "to no more than a formulaic recitation of the elements of a cause of action which the United States Supreme Court has repeatedly held is impermissible." *Id.* at 6.

In response, the Summers argue that 21st Century's motion is brought as a Rule 12(b)(6)[1] motion, even though it is captioned as a Rule 12(c) motion. *ECF 34* at 6–7. They argue that the basis for this type of motion is to prevent parties from having to engage in lengthy and costly discovery on frivolous claims and to give fair notice of a plaintiff's claim and the grounds upon which it rests. *Id.* They argue that as a result, this motion is untimely. *Id.* They argue that because the motion is more properly construed as a Rule 12(b)(6) motion, different procedural timing requirements apply. *Id.* at 8. Here, they argue that 21st Century did not file the motion, or any motion, prior to filing its answer, but instead engaged in lengthy discovery, delayed until the last day to file motions, and asserted the Complaint was somehow insufficient roughly a year after being served with the Complaint. *Id.*

Next, the Summers argue that the motion should not survive in this case even if the motion is treated as a Rule 12(c) motion. *Id.* at 8. They argue that if the pleadings do not resolve all of the factual issues, a trial on the merits would be more appropriate than an attempt at

---

[1] References to the rules are to the Federal Rules of Civil Procedure unless otherwise noted.

resolution of the case on a Rule 12(c) motion. *Id.* at 9. They argue that several fact issues are in dispute, including the failure to conduct a reasonable investigation and the failure to attempt in good faith prompt, fair, and equitable settlement. *Id.* 9–11.

Though 21st Century argues the Summers insufficiently identified the factual basis for the Complaint, the Summers argue 21st Century's position ignores that they were notified as early as February 5, 2013, that its conduct violated Montana law, and that its position is also contrary to its answer and amended answer. *Id.* at 12–13. The Summers argue that if the language was so insufficient, it should not have asserted that it was able to deny the complained of paragraphs when it submitted its answer. *Id.* at 13. Additionally, 21st Century should not have waited until after the close of the pleadings, the close of discovery, and after the disclosure of experts and expert reports. *Id.* They argue this demonstrates that 21st Century was aware of its conduct and the basis of the Complaint and was able to respond to and engage in a year's worth of discovery. *Id.*

Finally, the Summers argue that if the Court does grant the motion, it should be granted with leave to amend. *Id.* at 14. They

argue that neither party would be prejudiced as extensive discovery has already been conducted as well as the disclosure of experts and expert reports. *Id.* They argue that 21st Century is well aware of the basis for the Complaint, and that to claim otherwise "would be not only disingenuous, but absurd." *Id.* at 14.

In reply, 21st Century argues that its motion was timely filed in accordance with Rule 12(c), after the pleadings are closed but early enough not to delay trial. *ECF 35* at 2–3. They argue that (1) the Summers misconstrue the legal standard applicable to Rule 12(c) motions, *id.* at 4–7; (2) they attempt to save the inadequate Complaint by interjecting materials beyond the face of the pleadings, *id.* at 5–6; (3) the discovery conducted by the parties is irrelevant, *id.* at 3–4; and (4) that granting leave to amend at this point in the proceedings would unduly prejudice 21st Century. *Id.* at 7–9.

III. **LEGAL STANDARD**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In addressing a Rule 12(c) motion, courts "must accept all factual allegations in the complaint as true and construe them in the

light most favorable to the non-moving party." *Fleming*, 581 F.3d at 925. Courts properly grant a Rule 12(c) motion "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted).

A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, the same legal standard "applies to motions brought under either rule." *Id.*

Dismissal under Rule 12(b)(6) is proper only when the complaint either: (1) lacks a cognizable legal theory, or (2) fails to allege sufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Applying the foregoing to the Rule 12(c) motion at hand, the Court must "assume the facts alleged in the complaint are true[,]" and consider whether those "factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Yakima Valley Memorial Hospital v. Washington State Department of Health*, 654 F.3d 919, 925 (9th Cir. 2011) (quoting *Cafasso*, 637 F.3d at 1054). On a Rule 12(c) motion, "the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Moore v. Kroger Co.*, 2014 WL 825428, at *2 (N.D. Cal. Feb. 28, 2014) (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)). If the pleadings do not resolve all of the factual disputes, a trial is more appropriate than a judgment on the pleadings. *Wright & Miller*, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.).

## IV. ANALYSIS

While it is true that much of the language in the Complaint is similar to the statutory language contained in the MUTPA, the Court finds that, considered in the current context of this case, the Complaint states enough to give rise to a plausible claim for relief. The Summers identify the specific accident at issue, the insurance policy, the history of litigation, and the specific portions of the act that they allege 21st Century violated. 21st Century is fairly on notice for the conduct the Summers contend is at issue. The Complaint also references related litigation, litigation that involved 21st Century on the specific policy at issue in this case. Though those documents and proceedings are not attached to the Complaint, they are referenced as a basis for the Complaint. Drawing reasonable inferences in favor of the Summers, the Court concludes that they have adequately alleged a plausible claim for relief. Based on these allegations, it is not clear that 21st Century is entitled to judgment as a matter of law, and thus the Court will deny the motion. *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) ("In all cases, evaluating a complaint's plausibility is a 'context-specific' endeavor that requires courts to 'draw on … judicial experience and

## IV. ANALYSIS

While it is true that much of the language in the Complaint is similar to the statutory language contained in the MUTPA, the Court finds that, considered in the current context of this case, the Complaint states enough to give rise to a plausible claim for relief. The Summers identify the specific accident at issue, the insurance policy, the history of litigation, and the specific portions of the act that they allege 21st Century violated. 21st Century is fairly on notice for the conduct the Summers contend is at issue. The Complaint also references related litigation, litigation that involved 21st Century on the specific policy at issue in this case. Though those documents and proceedings are not attached to the Complaint, they are referenced as a basis for the Complaint. Drawing reasonable inferences in favor of the Summers, the Court concludes that they have adequately alleged a plausible claim for relief. Based on these allegations, it is not clear that 21st Century is entitled to judgment as a matter of law, and thus the Court will deny the motion. *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) ("In all cases, evaluating a complaint's plausibility is a 'context-specific' endeavor that requires courts to 'draw on … judicial experience and

common sense") (*quoting Starr v.* Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).

## V. **CONCLUSION**

Based on the foregoing, IT IS ORDERED that the 21st Century's Motion to Dismiss (*ECF 32*) is DENIED.

DATED this 4th day of December, 2015.

                                  /s/ *Carolyn S. Ostby*
                                  United States Magistrate Judge